## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THOMAS LAMB,

                Petitioner,

      v.                   CASE NO.  10-3195-SAC

PATRICIA BIGGS,
et al.,

                Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Petitioner has paid the filing fee of $5.00. Having considered the materials filed, the court finds as follows.

In general, Mr. Lamb complains of the denial of his application(s) for release on parole by members of the Kansas Parole Board (KPB) since he became eligible in 1984. As Ground one, petitioner alleges that the KPB's pass in his case of 5 years and 7 months on March 9, 2010, was "retaliation" for his participation in the political process regarding abolishing or restricting the powers of the KPB. As Ground two, he asserts that the KPB's actions on his applications for parole were arbitrary and capricious and contrary to "Priest v. McKune." As Ground three, he claims that he has a liberty interest created by K.S.A. § 22-3717(j) not to be passed for more than 3 years, which was violated. As Ground four, he asserts that he is being denied equal protection of the law in that other "similarly situated" inmates have been granted parole. Mr. Lamb generally asks for "the relief to which he may be entitled."

Petitioner states that all grounds "were presented to the

Kansas Supreme Court." However, the only state court remedy he describes, and provides an exhibit of, is a "Petition for Writ of Habeas Corpus and Petition for Original Action in Kansas Supreme Court," filed directly in the Kansas Supreme Court. In that action, Mr. Lamb asked the Kansas high court to order the KPB to conduct a new parole hearing. On May 18, 2010, the Kansas Supreme Court issued an Order simply stating: "Denied."

In Ellibee v. Feleciano, the Tenth Circuit Court of Appeals ruled that the Kansas Supreme Court's use of the word "denied" in disposing of an original action challenging state parole decisions, as opposed to the word "dismissed," indicated that the Kansas Supreme Court made a decision on the merits of the claims. Accordingly, this court is compelled to find that Mr. Lamb's claims have been exhausted in state court. The court further finds that a responsive pleading is required.

**IT IS THEREFORE ORDERED** that respondent herein is hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted and the prisoner released from custody; that the petitioner is hereby granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file then be returned to the undersigned judge for such further action as may be appropriate.

**IT IS SO ORDERED.**

Dated this 13th day of October, 2010, at Topeka, Kansas.

2

s/Sam A. Crow
U. S. Senior District Judge