IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


THOMAS LAMB,

                Petitioner,

     v.                         CASE NO.  10-3195-SAC

PATRICIA BIGGS,
et al.,

                Respondents.


<u>**MEMORANDUM AND ORDER**</u>

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241.[1]  Mr. Lamb generally complains of the Kansas Parole Board's (KPB) denial of his application(s) for parole since he became eligible in 1984.  However, as Ground 1, he alleges that the KPB's decision on March 9, 2010, to pass his case for 5 years and 7 months was "retaliation" for his participation in political process as to the KPB.  As Ground 2, he asserts that the KPB's action on his application for parole was contrary to "*Priest v. McKune*" and therefore arbitrary and capricious.  As Ground 3, he claims that he has a liberty interest created by K.S.A. § 22-3717(j) not to be passed for more than 3 years, which was violated.  As Ground 4, he asserts that he is being denied equal protection of the law in that other "similarly situated" inmates have been granted parole.

---

[1]    The court erroneously stated in its initial order in this case that this petition was filed pursuant to 28 U.S.C. § 2254, when Mr. Lamb actually filed it pursuant to 28 U.S.C. § 2241.

Mr. Lamb generally seeks "the relief to which he may be entitled."

## PROCEDURAL HISTORY

Respondents have filed an Answer and Return together with some state court records from petitioner's criminal case and his state habeas petition that challenged the 2004 denial of his application for parole. Petitioner has provided a copy of the state petition that he filed to challenge the 2010 denial of parole. From all the materials filed together with the KDOC offender records available on-line through KASPER, the following procedural history is found. While Mr. Lamb was on parole, he kidnapped one young woman near a shopping mall whom he murdered, and days later kidnapped another young woman near another shopping mall whom he released for ransom. In 1970, he was convicted in the District Court of Johnson County, Kansas, of two counts of kidnapping in the first degree and one count of murder in the first degree. He was sentenced to three consecutive terms of life imprisonment. While in pretrial detention on these charges he escaped with another inmate who had a gun, and they took a hostage. People were injured during

this aggravated escape.   Mr. Lamb was convicted of another aggravated escape in 1980, and another in 1988.

On March 3, 2010, Mr. Lamb's application for parole came before the KPB, which made the following findings:

> After considering all statutory factors, the decision of the Kansas Parole Board is: pass to April 2015. Pass reasons: serious nature/ circumstances of crime; history of criminal activities; violent nature of crime; objections. Extended Pass Reasons: Inmate has been sentenced for a class A or B felony, or an off grid felony, and the Board makes a special finding that a subsequent parole hearing should be deferred for five (5) years and seven (7) months, because it is not reasonable to expect that parole would be granted at a hearing if held before then for the following reasons: inmate committed new crimes while incarcerated; the inmate's crime contained intentional and premeditation elements; the inmate is unsuitable for the community due to inability to comply with institutional rules; the inmate has not demonstrated behavioral insights necessary to decrease his risk to re-offend; the inmate has not demonstrated insight(s) into his offense behavior, inmate has indicated a pattern of behavior indicative of on-going risk to re-offend; the inmate has established a pattern of offending behavior that indicates escalating violence.

Petitioner challenged this decision in state court by filing a petition under K.S.A. § 60-1501 directly to the Kansas Supreme Court (KSC), which was summarily denied.[2]

---

[2]   Respondents have provided the opinion of the Kansas Court of Appeals affirming the denial of Lamb's prior state petition, which challenged the KPB's 2004 decision.  *See Lamb v. Kansas Parole Board*, 152 P.3d 1274, *1 (Kan.App. 2007).  In that action denied by the state district court without a hearing, Lamb similarly claimed that the Board acted out of vindictiveness and that he was entitled to parole under K.S.A. 22-3717(h).

**LEGAL STANDARDS**

Respondents urge the court to apply the stricter standards that apply to petitions brought under § 2254 to this case. In some other circuits, challenges to denial of parole are brought in § 2254 petitions. The Tenth Circuit Court of Appeals has plainly held that seeking habeas corpus relief under § 2241, not § 2254, is the proper means for challenging a denial of parole, even though it appears to be a minority view. They reason that such claims are a challenge to the execution of a sentence rather than the validity of the underlying conviction or sentence. *See e.g., Aquiar v. Tafoya*, 95 Fed.Appx. 931, 932 (10th Cir. 2004)(unpublished);[3] *Ellibee v. Feleciano*, 2011 WL 1102981, *8 (D.Kan. Mar. 22, 2011)("[A] § 2241 habeas petition is appropriate where a prisoner seeks 'either immediate release from prison or the shortening of confinement'.")(citing *Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Johnson v. Kansas Parole Bd.*, 419 Fed.Appx. 867, 869 (10th Cir.)(unpublished), *cert. denied,* 132 S.Ct. 300 (2011). Nonetheless, in unpublished opinions the Tenth Circuit has applied the demanding § 2254 standards to state prisoners

---

[3]     Unpublished opinions are cited herein not as binding precedent but as persuasive authority. *See* Fed.R.App.P. 32.1 and 10th Cir.R. 32.1

seeking relief under § 2241 and held that some level of deference to the state court is required. *Gilkey v. Kansas Parole Board*, 318 Fed.Appx. 620, 621 (10th Cir. 2008)(unpublished)(giving "due deference" to state court's resolution of state prisoner's challenge to parole board's denial of parole and delay of further consideration for three years)(citing *Henderson v. Scott*, 260 F.3d 1213, 1214)(10th Cir. 2001), *cert. denied*, 535 U.S. 1063 (2002)("Although we analyze Mr. Henderson's claim under § 2241, we still accord deference to the [state appellate court's] determination of the federal constitutional issue.")); *see Thomas v. Jones*, 2008 WL 4693155, *2 (W.D.Okl. 2008)(unpublished)(collecting cases).[4]

[4]    See also discussion and cases cited in Williams v. Addison, 2009 WL 1752172, *8 n.13 (W.D. Okla. 2009):

> Following *Henderson*, in a number of unpublished decisions the Tenth Circuit has applied the § 2254(d) standard of review to a § 2241 habeas petition filed by a state prisoner challenging the execution of his sentence. *See Gilkey*[, 318 Fed.Appx. at 621]; *Brown v. Ulibarri*[, 298 Fed.Appx. 746, 748-49 (10th Cir. 2008)](unpublished)(citing and applying the 28 U.S.C. § 2254(d) deferential standard of review to state prisoner's challenge under § 2241 to state court decisions regarding withholding and forfeiture of good time credits); *Preble v. Estep*[, 190 Fed.Appx. 697 (10th Cir. 2006)](unpublished)(applying the deferential standard in 28 U.S.C. § 2254(d) to a state prisoner's habeas petition under 28 U.S.C. § 2241 challenging a disciplinary conviction); *Branham v. Workman*, 2006 WL 950656, *1 (10th Cir. Apr. 13, 2006)(unpublished)("applying the deferential standard required by 28 U.S.C. § 2254(d), (e)(1)" in a habeas petition arising under § 2241 for a disciplinary conviction); *Aquiar*[, 95 Fed.Appx. at 932](unpublished)(in habeas petition under § 2241 challenging disciplinary conviction stating that the applicable standard is "set forth under 28 U.S.C. § 2254(d)"); *see also Watters v. Ray*, 175 Fed.Appx. 212, 214 n. 1 (10th Cir. 2006)(unpublished)(noting agreement with the district court's determination that the standard in 28 U.S.C. § 2254(d)(1) would

Under the AEDPA, a petitioner is entitled to relief only if he can establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The federal habeas court must presume that the state court's factual findings are correct unless the petitioner rebuts that presumption by "clear and convincing evidence." *Id.*; § 2254(e)(1).

Federal habeas review of a state parole board's decision under general § 2241 standards has also been quite limited.[5] 28

---

apply . . .to a state inmate's habeas petition under § 2241 for challenge to a disciplinary conviction).

*But cf., Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007)(conducting de novo review of state prisoner's § 2241 challenge to prison disciplinary conviction). In *Walck*, the Tenth Circuit rejected application of the § 2254(d) standard to that § 2241 petition, stating the § 2254(d) deferential standard is "only properly invoked when an individual in state custody collaterally attacks the validity of a state conviction and/or sentence." *Id.* at 1234. However, the holding in *Walck* could arguably be limited on its facts to a § 2241 application by a person in custody but not yet convicted and sentenced, and thus be distinguishable from this case where petitioner is in custody pursuant to a state criminal judgment.

[5]     Generally, an inmate is required to properly exhaust administrative and state court remedies before filing a § 2241 petition. The Kansas Supreme Court denied Mr. Lamb's state habeas petition filed directly in that court with a single word. Under similar circumstances, the Tenth Circuit has found that this constituted a decision on the merits of a petitioner's claims, and amounted to exhaustion of state court remedies. This court is not so convinced that attempting to present ordinary claims by the extraordinary remedy of an original action filed directly in the KSC,

U.S.C. § 2241(c)(3) provides that the "writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States. . . ." Prior to applying the AEDPA standards to § 2241 petitions, the Tenth Circuit held that a federal court's habeas review of parole determinations is generally limited to "abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *See Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998)(quotation omitted); *see also Schuemann v. Colorado State Board of Parole,* 624 F.2d 172, 173 (10th Cir. 1980)([T]he decision of the parole board may not be overturned unless it was arbitrary, capricious or an abuse of discretion."). Even under these standards, federal courts are not to reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board. *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989), *cert. denied*, 495 U.S. 958 (1990).

---

without initially litigating those claims in the state district court and the KCA, amounts to full and proper exhaustion or a fair presentation of claims to the highest state court. Nevertheless, the court proceeds under the assumption that Mr. Lamb has exhausted. Apparently, as long as the KSC continues to issue one-word rather than one-sentence orders on extraordinary petitions, summary dismissal can be considered exhaustion on the merits.

Under either standard, a habeas applicant bears the burden of showing entitlement to relief. *Metes v. Dorsey*, 61 F.3d 1459, 1472 (10th Cir. 1995), *cert. denied*, 516 U.S. 1062 (1996).

## DISCUSSION

Whether petitioner's claims are analyzed under § 2241 or § 2254, the court has no difficulty determining that he fails to state a claim entitling him to federal habeas corpus relief.

### 1. Claim Based on *Priest V. McKune*

The court first considers petitioner's claim that the parole board's decision was arbitrary and capricious because it was contrary to *Priest v. McKune*, 178 P.3d 80 (Table)(Kan.App. 2008). In support of this claim, he alleges that contrary to *Priest* the KPB ignored favorable reports and other evidence, erroneously indicated that he had exhibited an inability to abide by institutional rules, repeated reasons, and in effect had no evidentiary basis for its decision.

This claim fails for two main reasons. First, it is expressly based upon an alleged violation of state law. Such an allegation presents no valid basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("it

8

is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Montez*, 208 F.3d at 865.

Second, liberally construed as intending to assert a federal constitutional claim, petitioner's allegations regarding the sufficiency or the validity of the evidence relied upon by the KPB, the weight of the evidence, and the reasonableness of the board's findings and decision are essentially substantive due process claims. *See Black v. Romano*, 471 U.S. 606, 615-16 (1985); *Abdulhaseeb v. Jenks*, 2005 WL 1239135, *6 (W.D. Okla.), *Report and Recommendation adopted by*, 2005 WL 1242174 (W.D. Okla 2005), *COA denied*, 173 Fed.Appx. 658 (10th Cir. 2006)("Liberally construed, Petitioner's claims may be read to allege that the Board violated his substantive due process rights by denying him . . . parole based upon arbitrary or constitutionally impermissible reasons, specifically, the consideration of false or inappropriate information provided by a parole investigation report.").

Recently, the United States Supreme Court circumscribed federal habeas review of due process challenges by state prisoners to denial of parole in a case involving a California prisoner. *Swarthout v. Cooke*, ___U.S.___, 131 S.Ct. 859, 178

L.Ed.2d 732 (2011).  With respect to California, where state law had created a liberty interest in parole, the Supreme Court held that federal courts will review the application of the fair procedures required by the Due Process Clause, but that "[i]n the context of parole . . . the procedures required are minimal."  *Id.* at 862.  They cited *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 12 (1979), which they summarized as holding "that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied," and that the Constitution "does not require more."  *Id.*  They additionally held once it was determined petitioners had been afforded "at least this amount of process," that "should have been the beginning and the end of the federal habeas courts' inquiry . . . into whether the petitioners received due process."  *Id.*  The Court expressly rejected the argument that the "greater protections afforded to the revocation of good-time credits," in particular the "some evidence" test set forth in *Superintendent, Mass. Correctional Institution at Walpole v. Hill*, 472 U.S. 445 (1985), applied to state parole release decisions.  *Id.* at 863 n.*.  The Court instructed instead that under California law,

"the only federal right at issue is procedural" and that "the relevant inquiry is what process (the parole applicants) received, not whether the state court decided the case correctly." *Id.* Thus, even in a state where the law has established a liberty interest in parole, federal habeas review does not entail independent examinations of the reasonableness of parole eligibility determinations. *See Miller v. Oregon Bd. of Parole*, 642 F.3d 711, 716 (9th Cir. 2011). It logically follows that the claim that a state parole board's decision to deny parole was substantively unreasonable is not cognizable in federal court. *Id.*

The Tenth Circuit similarly indicated years before *Swarthout* that where there is no liberty interest at stake, any substantive due process challenge fails. *See Parker v. Sirmons*, 152 Fed.Appx. 705, 707-708 (10th Cir. 2005)(unpublished)(also noting that: "[T]he majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim—whether substantive or procedural.")(citations omitted).

The Kansas Supreme Court has repeatedly "held that the Kansas parole statute does not create a liberty interest

protected by the Due Process Clause of the Fourteenth Amendment," and the Tenth Circuit has recognized this law. *See Ellibee v. Feleciano*, 374 Fed.Appx. 789, 791-92 (10th Cir. 2010)(citing *see Gilmore v. KPB*, 243 Kan. 173, 756 P.2d 410, 415 (Kan.), *cert. denied*, 488 U.S. 930 (1988)("K.S.A.1987 Supp. 22-3717 does not create a liberty interest in parole.")); *see also Board of Pardons v. Allen*, 482 U.S. 369, 379 n. 10 (1987)("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest."); *Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994). "[T]he Kansas Supreme Court's interpretation of its own statutes is binding on this court "absent some conflict with federal law or overriding federal interest." *Id.*; *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *see also Estelle*, 502 U .S. at 67-68. The Tenth Circuit has acknowledged that: "the Kansas statute merely empowers the Board to place one on parole when the Board, in the exercise of its discretion, believes that the interests of the prisoner and the community will be served by such action." *Trumbly v. Kansas Parole Board*, 8 Fed.Appx. 857, 859 (10th Cir.

2001)(unpublished)(citing *Gilmore*, 756 P.2d at 414).   Thus, it is settled that the KPB has unlimited discretion to grant or deny parole.   As a consequence, a Kansas inmate has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence."   *See Mulberry v. Soares*, 189 F.3d 478, *1 (10th Cir. 1999)(Table)(citing *Greenholtz*, 442 U.S. at 7).

Applying the holdings and reasoning in *Swarthout* to petitioner's allegations, the court holds that Mr. Lamb "has no claim for violation of procedural or substantive due process," based upon the KPB's decision on his application for parole. *See also Ballard v. Franklin*, 463 Fed.Appx. 732, 735 (10th Cir. 2011)(unpublished)(citing *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998)("To make out a due process claim, appellant must assert the infringement of a protected liberty interest); *Wildermuth*, 147 F.3d at 1239 (rejecting a claim of violation of substantive due process because the inmate had no liberty interest in parole.)).   Since Mr. Lamb "has no liberty interest in parole, the failure to grant him parole, or the decision to defer for (more than three) years before reconsideration, does not deprive (him) of a liberty interest." *Crump v. Kansas*, 143 F.Supp.2d 1256, 1262 (D.Kan. 2001).   Furthermore, absent a

liberty interest in parole, there is no entitlement under the federal due process clause to even present evidence.   Thus, petitioner's allegations that the KPB failed to give sufficient weight to favorable evidence and relied upon improper or even false information fail to state a claim for federal habeas corpus relief.

Even if petitioner could somehow prove that he had a liberty interest in parole under Kansas law, his own allegations and exhibits show that he was given the opportunity to be heard on his parole application and that he received a statement of the KPB's reasons for its denial and extended pass.   Thus, he received all the process due under the Constitution. *Greenholtz*, 442 U.S. at 16.

Were the court to review this claim under the arbitrary or abuse of discretion standard, it would likewise deny relief. The record reveals that sufficient evidence supported the KPB's decision in petitioner's case and that the reasons provided were appropriate under Kansas law.   *Wildermuth*, 147 F.3d at 1236–37 (citation omitted).   Thus, Mr. Lamb has not demonstrated that the decision to deny parole and defer his application for 5 years and 7 months was arbitrary or an abuse of discretion. Petitioner's challenges to the actions of the KPB in his

14

particular case simply do not involve a federal constitutional claim. *Johnson v. Kansas Parole Bd.*, 2010 WL 2985977, *3 (D.Kan. 2010), *aff'd* 419 Fed.Appx. at 867, *cert. denied* 132 S.Ct. 300 (2011). It follows that petitioner's allegations fail to state a claim under § 2241.

Furthermore, Mr. Lamb's claims were summarily denied by the Kansas Supreme Court. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *See also Harrington v. Richter*, --- U.S. ----, 131 S.Ct. 770, 785 (2011)(reconfirming "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). Petitioner's arguments made in support of his federal petition, which are the same he made to the KSC, do not convince the court that the KSC had no reasonable basis to deny his claims.

## 2.  Liberty Interest Claim

This claim arises from Mr. Lamb's interpretation of K.S.A. § 22-3717(j). He claims that he has a liberty interest created by K.S.A. 22-3717(j) not to be passed for more than 3 years. He

cites the language of Section 22-3717(j). However, he then ignores its express exception to the "not later than 3 years" language, that a hearing may be deferred for up to 10 years where "the parole board finds that it is not reasonable to expect that parole would be granted if a hearing were held within" a shorter period.[6]

The alleged violation and the interpretation of state statutes governing the frequency of parole hearings are matters of state law. Thus, they fail to state a claim under § 2241. In any event, contrary to petitioner's intimation, the Notice of Action shows that the KPB stated its reasons for the extended pass in his case, and those reasons are consistent with the factors in 22-3717(h).

Finally, the court notes that Mr. Lamb litigated the claim in the state courts that he had a liberty interest in parole created by K.S.A. 22-3717(g) when he challenged the KPB's 2004 parole decision. The Kansas courts clearly explained in that

---

[6]      As the court reasoned in *Crump,* 143 F.Supp.2d at 1263*:*

The state has established a procedure for parole review whereby the board is not required to expend time and resources considering inmates for parole who are not likely to receive parole for a considerable time. The court finds that the classification (for deferral) is rationally related to the state's interests to conserve resources, expend resources only on those cases more likely to warrant parole in the near term, and to defer hearings up to ten years for those cases unlikely to warrant parole in the interim.

16

case that parole in Kansas "is a matter of grace, not right;" and that the liberty interest claim raised by Mr. Lamb had been "considered and rejected by the Kansas Supreme Court in *Gilmore,*" 243 Kan. at 179-80.  Moreover, petitioner was informed of the KSC's reasoning in *Gilmore*:

> Upon consideration of the entire statutory scheme in Kansas, we conclude that the various factors which the Board is directed to consider are procedural guidelines and not a limitation upon the Board's discretion.  The Board is empowered to grant parole, but only in the exercise of its discretion, after considering the facts of the offense and the background, record, history, and situation of each prisoner.  While the Board's action in revoking parole involves a liberty interest (citations omitted), the Kansas parole statute does not give rise to a liberty interest when the matter before the Board is the granting or denial of parole to one in custody. Parole, like probation, is a matter of grace in this state.  It is granted as a privilege and not as a matter of fundamental right.  State v. DeCourcy, 224 Kan. 278, Syl. ¶ 3, 580 P.2d 86 (1978).  We hold that K.S.A. 1987 Supp. 22-3717 does not create a liberty interest in parole.

*Id.* at 180.  Petitioner does not show that the law in Kansas has changed since his 2004 challenge or that the decisions of the state courts on this issue are contrary to existing Supreme Court precedent.


### 3.  Retaliation Claim

The court next considers petitioner's other constitutional claims.   Mr. Lamb claims that his pass of 5 years and 7 months in 2010 "was an official retaliation for" his "participation in the political process that was looking at abolishment of/or restricting the powers" of the KPB.   As the factual basis for this claim he refers to a letter he sent in May 2009 to Kansas Representative O'Neal stating that he had been eligible for parole since 1984 and could prove the KPB had denied him parole for at least the past ten years despite "ample evidence that (he) met conditions[7] "beyond a reasonable doubt."   In November 2009, Mr. Lamb signed a "Kansas Department of Corrections Consent for Release of Confidential Information" form to release information to the "Joint Committee on Parole Board Oversite (sic)."   The Joint Committee, headed by O'Neal was "investigating the conduct of the KPB at the request of the Kansas Legislature."   Petitioner provides exhibits of his letter and consent form.   He asserts that his retaliation claim is proven by the KPB's decision in March 2010 to pass him, because it was based upon false information that was "contrary to an overwhelming body of facts," and the reasons used were "double and triple" counted.

[7]      The conditions specified were the inmate's clear ability and willingness to be a law abiding citizen and a reasonable probability that the inmate could be released without detriment to the community.

18

The court agrees with respondents that Mr. Lamb has not alleged sufficient facts to state a retaliation claim.[8] "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Ellibee*, 374 Fed.Appx. at 792 ("To be sure, a complaint cannot withstand dismissal unless a plaintiff pleads specific facts showing retaliatory motive.")(citing *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)); *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). A claimant must also "prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990); *Peterson*, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"); *Strope v. McKune*, 382 Fed.Appx. 705, 710 (10th Cir. 2010)(same).

---

[8]  This court is mindful that "federal courts have recognized actionable constitutional claims in inmates' allegations of denial of parole in retaliation for filing lawsuits." *See Ellibee*, 374 Fed.Appx. at 792 (citing e.g., *Shabazz v. Askins*, 980 F.2d 1333, 1335 (10th Cir. 1992)(reversing a district court's dismissal of a parole-retaliation claim as frivolous); *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)(holding allegation that parole was denied for pursuing litigation stated a claim upon which relief can be granted); *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987)(recognizing that a factually supported allegation that parole board denied parole in retaliation for filing lawsuits against prison officials may state an equal protection claim)).

While Mr. Lamb has described political activity and his involvement in it, he alleges no facts whatsoever demonstrating that any parole board member considered or was even aware of his involvement.  He does not allege that his political activity was discussed at his parole hearing.  Nor is there any mention of it in the statement of reasons.  Petitioner alleges no facts showing any link between his letter to O'Neal and the KPB's decision.  The facts he does allege do not show that consideration of his alleged activity was even a partially motivating factor in the KPB's decision to deny parole and issue an extended pass.[9]  Moreover, even if petitioner had sufficiently pled this first element of a retaliation claim, he alleges no facts from which this court might find that the outcome of his 2010 parole hearing would have been different "but for" the board's consideration of his having exercised his right of political expression.

Petitioner's allegations that the KPB used "false information" that was "contrary to overwhelming facts," and "double counted" some reasons to deny parole are conclusory at best, and based mainly upon his self-serving characterization of the KPB's statement.  The KPB's written decision contained

---

[9]    In *Ellibee*, the petitioner alleged that a parole board member had made extensive inquiries into his litigation activities.  *Ellibee,* 374 Fed.Appx. at 792.

several reasons including their "special finding" that parole would not be granted at a hearing held before then.   Other findings included that Lamb had committed new crimes while incarcerated, his crimes contained intentional and premeditation elements, he had not demonstrated insight into his offense behavior or insights as to behavior necessary to decrease his risk to re-offend, and instead had exhibited behavior patterns indicating a risk to re-offend as well as escalating violence. The KPB specifically denied parole to Mr. Lamb based upon the serious and violent nature and circumstances of his crimes and objections to his release.

These were all valid reasons under Kansas law. *See Torrence v. Kansas Parole Board*, 21 Kan.App.2d 457, 458-59 (1995)(Parole Board's use of statutory language as reasons for denying parole was sufficient compliance with statute at that time which required notification to the inmate in writing of specific reasons for not granting parole); *see also Smith v. Feliciano*, 231 P.3d 588, 2010 WL 2245994 (Kan.App.) (unpublished), *review denied* (Kan. 2010)("[A] parole board's designation of 'objections' as a pass reason for the defendant's parole was sufficiently specific and the parole board was not required to identify who objected to the defendant's parole and

the specific reasons behind the objections."); *Armstrong v. Kansas Parole Bd.*, 238 P.3d 331, *2 (Kan.App.)(unpublished), *review denied* (Kan. 2010)(Kansas courts have "approved the use of standardized language" in providing notice of the reasons for denial of parole.).   The Tenth Circuit has held that where a state parole board gives valid reasons for a parole decision, a federal court does not assume the board relied on invalid factors.   *See Fay v. Chester*, 413 Fed.Appx. 23, 28 (10th Cir. 2011)(unpublished)(citations omitted); *Wildermuth*, 147 F.3d at 1236 ("Where the denial of parole rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right.").   It is well recognized that a decision whether to release a prisoner on parole is complex, and involves a "discretionary assessment of a multiplicity of imponderables." *Greenholtz*, 442 U.S. at 10. The KPB's reasons were also credible, given petitioner's criminal history and exhibits indicating his expressed attitude that his mother and he were the impacted victims.   The reasons provided were certainly not so insubstantial as to "prove" that Mr. Lamb would have been granted parole "but for" a retaliatory motive.   The court concludes that petitioner fails to state sufficient facts to support a retaliation claim.

## 4. Equal Protection Claim

Petitioner maintains that respondents violated his Fourteenth Amendment right to equal protection of the law. As facts in support, he generally states that similarly situated inmates have been granted parole, while he has been continuously denied parole. He more specifically alleges that he is the "longest serving (40 years) inmate in the Kansas penal system" and that in the past 15 years the KPB has paroled "the last man on death row," brothers "with double murder," and two persons who shot a Kansas Highway Patrol officer, robbed a bank, and tried to blow up a police station.

The Equal Protection Clause is violated if government officials treat an inmate differently than others who are similarly situated. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Thus, in order to state an equal protection claim, a prisoner litigant must allege facts sufficient to show that he is similarly situated to other prisoners who were treated differently. *Crider v. Board of County Com'rs of County of Boulder*, 246 F.3d 1285, 1288 (10th Cir.), *cert. denied*, 534 U.S. 890 (2001). In 2001, another

judge in this district succinctly discussed a similar equal protection claim:

> The analysis of an equal protection claim must begin with a determination of whether the challenged classification is one which involves a suspect class or the exercise of a fundamental right." Copeland v. Matthews, 768 F.Supp. 779, 780 (D.Kan. 1991)(citing Plyler v. Doe, 457 U.S. 202, 216-17, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982)). As the court determined above, plaintiff has no fundamental right to parole before the expiration of his sentence. Furthermore, inmates are not a suspect class for equal protection purposes. Id.(citing Ruark v. Solano, 928 F.2d 947, 949 (10th Cir. 1991)). Moreover, the plaintiff does not cite to any authority, nor is the court aware of any basis to find, that the classes described above are suspect. Therefore, because this case implicates neither a suspect class nor a fundamental right, the court will apply a rational basis test to determine whether the classifications at issue serve a valid governmental interest and are rationally related to that interest. Id. at 781 (citing McGinnis v. Royster, 410 U.S. 263, 270, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973)).

Crump, 143 F.Supp.2d at 1262-63.

The court finds that petitioner's allegations are not sufficient to state an equal protection claim. His bald statements regarding other inmates are simply too tenuous and conclusory to demonstrate that the KPB denied him equal protection of the law. Staley v. Utah Bd. of Pardons, 582 F.3d 1208, 1215 (10th Cir. 2009), cert. denied, 130 S.Ct. 1737 (2010)(citing Brown v. Zavaras, 63 F.3d 967, 971 (10th Cir. 1995)(complaint's allegations were "too conclusory" to allow for

24

complete equal protection analysis)).  Petitioner does not adequately describe the offense behavior, criminal history, mental health needs or risks, educational achievements, and a multitude of other relevant factors that could have been considered in each of the other inmates' cases.[10]  "The acts of one person in committing an offense may be quite different and much less or much more shocking and heinous than the acts of another person in committing the same statutorily defined offense."  *Gilmore*, 243 Kan. at 177.  Mr. Lamb does not even allege how long the other inmates served before they were released on parole or the length of their sentences.  Moreover, petitioner provides few details regarding his own offense behavior and none as to his criminal history.  He does not compare the myriad of possible circumstances and considerations in his own case to those of the other inmates so as to establish that he was in fact similarly situated to any particular prisoner released on parole.  In addition, he alleges no facts indicating that this case implicates either a "suspect class" or

---

[10]    In *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994), an inmate argued that he was not treated the same as similarly situated individuals upon his move to administrative segregation.  The Tenth Circuit found it "clearly baseless" to "claim that there are other inmates who are similar in every relevant respect."  They "recognized that inmates could be classified differently based on slight differences in their histories or because some present a higher risk of future misconduct than others" and "concluded that the plaintiff's claim that there were no relevant differences between him and other inmates that might account for their disparate treatment was not plausible or arguable."  *Gilkey v. Kansas Parole Bd.*, 147 P.3d 1096, *4 (Kan.App. 2006)(Table)(citing *id.*).

a fundamental right.   It follows that any alleged different treatment need only satisfy a rational basis test.   The facts alleged by plaintiff utterly fail to establish that the KPB's decision was not rationally related to a legitimate state interest.   *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1214-15 (10th Cir. 2004)( A class-of-one plaintiff must "provide a specific and detailed account of the nature of the preferred treatment of the favored class," and "a comprehensive and largely subjective canvassing of all possible relevant factors."); *Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008)(court will not infer that Parole Board "intentionally discriminated against [plaintiff] from his assertions that he has an excellent institutional record and that the circumstances surrounding his case are not as heinous as those in other cases").   The court concludes that Mr. Lamb has failed to allege sufficient facts to state a plausible equal protection claim.


**<u>SUMMARY</u>**

In sum, the court finds that petitioner's due process claims are not cognizable on federal habeas corpus, his other constitutional claims lack merit, and he has not demonstrated that the Kansas Supreme Court's summary denial of his claims was

26

so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.  For all the foregoing reasons, petitioner's application for federal habeas corpus relief is denied.

**IT IS THEREFORE BY THE COURT ORDERED** that this petition for writ of habeas corpus is denied with prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue because petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

Dated this 6th day of July, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

27